962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James V. LANDOLINA, Plaintiff-Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION, t/a Amtrak,
Defendant-Appellee.
 No. 91-2666.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 6, 1992
Decided: May 19, 1992
 
 Argued: Irving Schwartzman, Savage & Schwartzman, P.A., Baltimore, Maryland, for Appellant.
 Ransom J. Davis, Whiteford, Taylor & Preston, Baltimore, Maryland, for Appellee.
 On Brief: Roger J. Greezicki, Savage & Schwartzman, P.A., Baltimore, Maryland, for Appellant.
 H. Russell Smouse, Nancy S. Allen, Whiteford, Taylor & Preston, Baltimore, Maryland, for Appellee.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an action for negligence brought by appellant James Landolina against his employer, appellee National Railroad Passenger Corp. (Amtrak), under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Landolina, an assistant conductor with Amtrak, claims that he injured his knee as a result of an unusual jolt of the train on which he was working. He alleges that the violent jolt caused him to fall onto the lap of a passenger and bump his knee against the arm rest of the seat in which she was sitting. The jury returned a verdict for Amtrak. Landolina appeals the district court's denial of his motion for a new trial. We affirm.
 
 
 2
 The district court did not abuse its discretion in denying Landolina's motion for a new trial, for the jury's verdict was not against the clear weight of the evidence. See Willis v. Raymark Indus., Inc., 905 F.2d 793, 798 (4th Cir. 1990). Landolina's case was entirely speculative and his evidence was deficient in several critical respects. First, he failed adequately to establish whether the violent jolt ever occurred. The only evidence presented by Landolina was his own testimony. He failed to call to testify any passengers in the car in which he was riding, including the woman in whose lap he purportedly landed. There was no evidence that anyone else was injured by the jolt, that luggage fell out of the luggage rack, or even that drinks were spilled. Second, his claim that the alleged jolt was caused by defective equipment was purely speculative: he never identified the equipment that failed or in what other way Amtrak was negligent. Landolina's own witnesses testified that they had no idea whether there was a mechanical defect. Finally, Landolina's testimony on the issue of causation was less than credible. Although he testified that, after the incident, he could walk stairs only slowly and with difficulty, he was shown on a videotape running up a flight of stairs two and three steps at a time.
 
 
 3
 In sum, the jury's verdict in this case was based on more than sufficient evidence. Accordingly, the judgment of the district court is
 
 
 4
 AFFIRMED.